Argued and submitted December 11, 1989, affirmed February 14, 1990

In the Matter of the Compensation of
Judith A. Lange, Claimant.

## ELIXIR INDUSTRIES,
*Petitioner,*

*v.*

## LANGE,
*Respondent.*

(WCB 87-02519; CA A60501)

786 P2d 1301

Kenneth L. Kleinsmith, Portland, argued the cause for petitioner. With him on the brief was Meyers & Radler, Portland.

Ralph M. Yenne, Salem, argued the cause and filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

## GRABER, P. J.

Claimant sustained compensable back injuries in December, 1981, and June, 1982. In September, 1986, Dr. Segur prescribed a whirlpool and Jacuzzi for claimant's home use, and she installed one at that time. Employer issued a denial in February, 1987. After a hearing, the referee held that the request for medical services was compensable; the Board affirmed. We also affirm.

■     Employer first argues that the Board made an error of law, ORS 656.298(6), because it "eschewed any distinction between palliative and curative treatment." According to employer, ORS 656.245(1) limits compensation to curative treatment, so that an interpretation of *former* OAR 436-10-040(7) allowing palliative care would exceed statutory authority.

ORS 656.245(1) provides:

"For every compensable injury, the insurer or self-insured employer shall cause to be provided medical services for conditions resulting from the injury for such a period as the nature of the injury *or* the process of the recovery requires * * *." (Emphasis supplied.)

*Former* OAR 436-10-040(7) provided, in pertinent part:

"Articles such as beds, hot tubs, chairs, [J]acuzzis, and gravity traction devices are not compensable unless a need is clearly justified by a report which establishes that the 'nature of the injury *and* the process of recovery requires' that the item be furnished. The report must set forth with particularity why the patient requires an item not usually considered necessary in the great majority of workers with similar impairments." (Emphasis supplied.)

The Board reasoned:

"As is evident from the emphasized portions of the statutory provision and the administrative rule, the rule seems to imply that the items enumerated are only compensable to the extent that they are curative. Conversely, the statute makes medical services compensable so long as they are reasonable and necessary as a result of the compensable injury. *See, e.g., McGarry v. SAIF,* 24 Or App 883 (1976). The statute does not make the distinction between curative and palliative services, but rather bases compensability on the above-mentioned criterion.

"We do not consider the use of the word 'and' in the administrative rule as an attempt to create a narrower standard for compensability of medical services or appliances, but rather intended to incorporate the language used in 656.245(1) as is evidenced by placing that portion of the rule in quotation marks. Accordingly, we reject an interpretation of *former* 436-10-040(7) that would make the items enumerated within the rule noncompensable if they are prescribed for palliative purposes.

"Services provided pursuant to *former* OAR 436-10-040(7) are compensable, whether they be palliative or curative, so long as they are reasonable and necessary as a result of the compensable injury, and claimant has established with particularity why she needs the service when the majority of workers with similar injuries do not."

That construction of the statute and the rule is persuasive, and we have no reason to differ from the Board's interpretation. *See 1000 Friends of Oregon v. LCDC (Lane Co.),* 305 Or 384, 389-92, 752 P2d 271 (1988).

■ Employer's second contention is that "[t]here is no credible medical evidence from any source that claimant's physical condition differs from that of the great majority of workers" with similar injuries. The Board made these findings, among others:

"The hot tub/Jacuzzi is a basic, unadorned unit and claimant's husband had determined that a separate unit of this type was simpler and cheaper to install than an in-house modification of the bathroom and tub area. The unit is large enough that claimant can do exercises in it which she cannot do in the bathtub.

"Claimant's surgery did not successfully relieve her pain symptoms, and following the procedure, she began experiencing more back pain as well as new pain in her left leg. Prior to the surgery, claimant had used hot tub therapy, for which she had to drive 30 miles, and a variety of prescription and nonprescription pain medications.

"* * * * *

"Claimant requires a hot tub unit for relief of her chronic pain symptoms, chronic muscle spasms, and to perform prescribed exercises.

"Claimant requires a hot tub unit due to her distance from

other sources of hydrotherapy and her intolerance to standard, nonaddictive pain medications."

There is substantial evidence in the record to support those findings, ORS 656.298(6), including a report from one of claimant's doctors, who wrote:

"Prescription for home installation and daily use of whirl-pool/[J]acuzzi was made by the office and reiterated several times in recommendation section of each report to date. This patient suffers from chronic pain associated with late effects of surgery with radicular neurogenic claudication consistent with lumbosacral nerve impingement syndrome. She has a low tolerance to a wide range of pharmaceuticals for chronic pain and recurrent inflammation and develops a systemic allergenic reaction from some of them. Those drugs that work are considered addictive and there exists a real potential for drug dependency in regards to their use. Daily use of whirl-pool/[J]acuzzi controls pain, increases circulation, reduces inflammation, and results in prolonged relaxation effect on chronic muscular spasms in the low back and both legs. Daily use of the whirlpool/[J]acuzzi is essential for control of the late effects of her post surgical impairment of the lumbosacral spine."

The Board expressly relied on that report and explained why it made the findings that it did. Those findings, in turn, satisfy the criteria of *former* OAR 436-10-040(7).

Affirmed.