Argued and submitted December 18, 1989, affirmed July 18, 1990

In the Matter of the Compensation of
Sharon S. Rager, Claimant.

Sharon S. RAGER,
*Petitioner,*

*v.*

EBI COMPANIES
and Lincoln County School District,
*Respondents.*

(85-11532; CA A60485)

795 P2d 573

Martin J. McKeown, Eugene, argued the cause for petitioner. With him on the brief was Martin J. McKeown, P.C., Eugene.

Randy G. Rice, Portland, argued the cause for respondents. With him on the brief was Beers Zimmerman Rice & Isaacs, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Claimant seeks review of an order of the Workers' Compensation Board that reversed the referee's order and denied payment for a home whirlpool unit. We affirm.

The Board adopted, but also supplemented, the referee's findings of fact. Claimant sustained compensable back and right hip injuries when she slipped and fell at work in March, 1983. In October, 1984, her treating chiropractor, Dr. Ray, declared her medically stationary but permanently impaired, and he released her for work. She continued to receive chiropractic treatment. Although claimant was able to return to work, her pain continued, primarily in the right hip and right buttock areas. The pain was worse when she was lying down, and it interfered with her sleep at night.

In July, 1985, Orthopaedic Consultants evaluated claimant, on behalf of employer's insurer, EBI, and recommended a steroid injection or use of a non-steroidal anti-inflammatory drug. Claimant refused those therapies. Ray disagreed with Orthopaedic Consultants' recommendations and stated that claimant should be allowed to continue with the chiropractic treatment that he provided, because he believed it was effective in keeping her discomfort to a minimum.

Claimant's pain continued and, in September, 1986, Ray prescribed the purchase of a home whirlpool unit to reduce claimant's pain and to allow her to sleep. Nonetheless, in January, 1987, Ray stated again that claimant was responding well to his chiropractic treatments. In May, 1987, Orthopaedic Consultants reevaluated claimant and concluded that a whirlpool was unnecessary. The Board also found:

> "Claimant's physical discomfort responds well to chiropractic treatment, including a regimen of specific spinal adjustments, myofascial trigger point therapy, pulsed ultrasound, positive galvanic stimulation, moist hydrotherapy and the use of prescribed exercises. This treatment is effective in relieving her chronic pain, allowing her to remain actively employed and function on a daily basis."

The Board concluded:

> "In the present case, Dr. Ray, claimant's treating chiropractor, had treated claimant with specific chiropractic spinal adjustments, myofascial trigger point therapy, ultrasound,

cryotherapy, orthopedic support and prescribed exercise. Although the treatments had been quite effective in reducing the intensity, duration, severity and frequency of claimant's chronic pain, it had not been eliminated. Therefore, Dr. Ray prescribed a full-size Jacuzzi whirlpool.

"Dr. Ray believed that the $4,000 home hot tub unit was quite justified since: (1) whirlpool type applications of moist heat are far more effective than a simple tub bath or heating pad; (2) claimant lived almost 25 miles from the nearest city that would have public hot tub facilities; and (3) claimant's modesty created a reluctance to frequent such public bathing facilities. He believed that the therapy was necessary so that claimant's chronic muscular spasms and pain were reduced prior to her retiring for the evening, thereby allowing her to sleep more fully and with less pain.

"Although claimant has shown that a hot tub would provide effective palliative treatment for her pain syndrome, *she has not shown with particularity why she needs the service when the majority of workers with similar injuries do not.* Dr. Ray repeatedly stated that his various chiropractic treatments were quite effective in controlling claimant's pain syndrome. In fact, it is undisputed that chiropractic treatments have provided claimant with effective, short-term relief. *Therefore, claimant has not shown a special need for the hot tub due to any ineffectiveness of traditional palliative medical treatment.* Neither do we believe that her modesty or 25 mile distance from public hot tub facilities prove claimant's entitlement to an item not usually considered necessary in the great majority of workers with similar impairments." (Emphasis supplied.)

Claimant contends Board's denial of the compensability of the whirlpool unit is not based on substantial evidence. She asserts that chiropractic treatments provide her some relief from pain, but they do not solve the problem of sleeplessness. She asserts that whirlpool treatments would solve that problem and that her distance from a public hot tub facility, her modesty and her concerns about drug therapy are circumstances that set her apart from the majority of workers with similar injuries.

The Board did not err. ORS 656.245(1) *(since amended by* Or Laws 1990 (Special Session), ch 2, § 10) provided in part:

"For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services

for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires[.] * * * Such medical services shall include medical, surgical, hospital, nursing, ambulances and other related services, and drugs, medicine, crutches and prosthetic appliances, braces and supports and where necessary, physical restorative services."

*Former* OAR 436-10-040(7)[1] provided in part:

"Articles such as beds, hot tubs, chairs, [J]acuzzis, and gravity traction devices are not compensable unless a need is clearly justified by a report which establishes that the 'nature of the injury and the process of recovery requires' that the item be furnished. The report must set forth with particularity why the patient requires an item not usually considered necessary in the great majority of workers with similar impairments."

Benefits for articles such as whirlpools are appropriate, whether they are palliative or curative, if they are reasonable and necessary as a result of a compensable injury and if the claimant has established with particularity why she needs the service, even though the majority of workers with similar injuries do not.[2] In *Elixir Industries v. Lange,* 100 Or App 492, 786 P2d 1301 (1990), the Board had concluded that the claimant had satisfied the criteria of *former* OAR 436-10-040(7), and it held that a hot tub was appropriate. We affirmed, because there was substantial evidence to support the Board's findings that the claimant's surgery did not successfully alleviate her pain, that she had an intolerance for standard nonaddictive pain medications, that she lived 30 miles from other sources of hydrotherapy and that daily use of a hot tub was necessary to control the effects of post-surgical impairment of the lumbosacral spine.

Here, although claimant has shown that home whirlpool treatments would be beneficial to her, there is substantial evidence to support the Board's findings that claimant responds well to palliative chiropractic treatments, that they

---

[1] OAR 436-10-040(7) was amended and renumbered OAR 436-10-040(8) as of February 1, 1988. It remains the same in substance.

[2] In view of our disposition in this case, we do not decide whether the legislature's 1990 amendments to ORS 656.245(1) affect claimant's claim for a whirlpool. *See* Or Laws 1990 (Special Session), ch 2, §§ 10, 54.

are effective in controlling her pain and that they allow her to remain actively employed and to function on a daily basis. On the basis of those findings, the Board rationally concluded that claimant did not satisfy the criteria of *former* OAR 436-10-040(7), because she had failed to show with particularity why she required a service that the majority of workers with similar injuries do not. The Board did not err.

■        Claimant also assigns as error that the Board relied on *former* OAR 436-10-040(7), because the director exceeded his delegated authority in promulgating that rule. ORS 656.245(4) provides that the director "may exclude from compensability any medical treatment the director finds to be unscientific, unproven, outmoded or experimental." Claimant asserts that hydrotherapy treatment is not "unscientific, unproven, outmoded or experimental." Consequently, she argues that *former* OAR 436-10-040(7) is contrary to legislative intent, ORS 656.012(2)(a), because it limits an injured worker's right to receive prompt and complete medical treatment.

Contrary to the thrust of claimant's argument, *former* OAR 436-10-040(7) does not exclude hydrotherapy treatment. Rather, it recognizes that a whirlpool can be appropriate, and it imposes reasonable conditions that an injured worker must satisfy to receive payment for that item. Therefore we do not reach claimant's argument that the director exceeded his authority.

Affirmed.