On petitioner's petition for reconsideration filed November 14, 1990, reconsideration allowed; opinion (102 Or App 457, 795 P2d 573) modified and adhered to as modified May 1, 1991

In the Matter of the Compensation of
Sharon S. Rager, Claimant.

Sharon S. RAGER,
*Petitioner,*

*v.*

EBI COMPANIES
and Lincoln County School District,
*Respondents.*

(WCB 85-11532; CA A60485)

810 P2d 1315

Martin J. McKeown and Martin J. McKeown, P.C., Eugene, for petition.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Claimant has filed a petition for review of our decision, 102 Or App 457, 795 P2d 573 (1990), which we treat as a petition for reconsideration. ORAP 9.15(1). In the opinion, we affirmed the Workers' Compensation Board's denial of compensability of a home whirlpool unit. Claimant asserts that the opinion failed to address her assignment of error concerning *former* OAR 436-10-040(7).

We allow reconsideration, withdraw the last two full paragraphs of the opinion, 102 Or App at 462, and replace them with these three paragraphs and a note:

Claimant also assigns as error that the Board relied on *former* OAR 436-10-040(7). She argues that the director exceeded his delegated authority when he promulgated the rule, which elaborated on the definition of "medical services" in ORS 656.245(1):

> "Furniture is not a medical service. Articles such as beds, hot tubs, chairs, jacuzzis, and gravity traction devices are not compensable unless a need is clearly justified by a report which establishes that the 'nature of the injury or the process of recovery requires' that the item be furnished. The report must set forth with particularity why the patient requires an item not usually considered necessary in the great majority of workers with similar impairments * * *."

Claimant argues that the rule gives "medical services" too narrow an interpretation and is contrary to the statute.

■ ORS 656.726(3)(a) delegates authority to the director to "[m]ake and declare all rules which are reasonably required in the performance of the director's duties." *Former* OAR 436-10-040(7) does not exclude articles such as home whirlpools from "medical services" under ORS 656.245(1) if the need for them is "clearly justified." That requirement does not conflict with ORS 656.245(1). It does not preclude provision of home whirlpools or other "furniture"; it establishes a reasonable standard for approving them.

■ Claimant also asserts that the rule's requirement that she show her need for a whirlpool unit with "particularity" impinges on her right, under ORS 656.012, to

prompt and complete medical treatment.[3] The particularity requirement does not conflict with ORS 656.012; it is reasonably related to the legislative objective of fair and just administration of the system. The director did not exceed his authority in promulgating the rule.

Reconsideration allowed; opinion modified and adhered to as modified.

---

[3] ORS 656.012(2)(a) and (b) describe legislative objectives of the workers' compensation system:

"(a) To provide, regardless of fault, sure, prompt and complete medical treatment for injured workers and fair, adequate and reasonable income benefits to injured workers and their dependents;

"(b) To provide a fair and just administrative system for delivery of medical and financial benefits to injured workers that reduces litigation and eliminates the adversary nature of the compensation proceedings, to the greatest extent practicable * * *."